### REDDING *v.* REDDING.

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

ABSOLUTE DIVORCE—SETTING ASIDE DECREE—EVIDENCE.

Plaintiff obtained an absolute divorce from his wife in June, 1886, and in July, 1888, she made a motion to set aside the same on the ground that plaintiff, after service of the papers in the divorce action, had stated to her that they were of no importance, and that he would proceed no further, and that the parties had cohabited as man and wife as late as March, 1887. It appeared that defendant had written letters to plaintiff after the divorce was granted, showing knowledge of the decree for the divorce at the time it was entered. Plaintiff owned a farm in Vermont, occupied by defendant's parents, whither she went when the divorce was granted, and where plaintiff necessarily stayed a part of his time. *Held*, that the evidence was insufficient to justify setting aside the decree.

Appeal from special term, Kings county.

Action by Moses W. Redding against Abbey L. Redding for divorce. From an order denying a motion to set aside a decree for divorce entered therein defendant appeals.

Argued before BARNARD, P. J., and DYKMAN, J.

*Geo. C. Brainerd, (Thomas J. Ritch, Jr.,* of counsel,) for appellant. *B. W. Downing, ( W. T. B. Milliken,* of counsel,) for respondent.

BARNARD, P. J. The parties were married in Vermont in 1878. Subsequently they moved to Brooklyn, and continued to live together there as man and wife until February, 1886, when the parties separated, and the wife went back to Vermont to her parents. They lived on the husband's farm in Highgate, Vt. The parties had no children. On the 26th of May, 1886, the plaintiff commenced an action against his wife to procure an absolute divorce. The summons was personally served on the defendant on the 27th of May, 1886, at 207 West Forty-Fifth street, New York. The defendant did not appear in the action, and the action was referred to take proof of the acts of adultery charged against the defendant. The proof was full and complete, and on the 7th of July, 1886, the court granted a decree for an absolute divorce to the plaintiff. On the 1st of June, 1888, the defendant made a motion to set aside the decree. She alleges, in support of her action, that the plaintiff, after the service of the papers in the divorce action, stated that the papers had been served against his orders; that they were of no importance, and that he would proceed no further; that the parties continued to live together as man and wife in Vermont until November, 1886, when the plaintiff returned to New York; and that the parties cohabited together in New York as late as March,

1887. The case presents great contradiction between the parties and those who support them by affidavits. The letters of the defendant offered abundant proof that she knew of the decree immediately on its being made. In August, 1886, she wrote "to him who was once" my husband. The communication is in verse, and directly mentions the decree which freed him from her. Other letters to the husband were sent,—one in June, 1886, asking him to take her back, and others addressed to the same end, one as late as July, 1887. The plaintiff moved again in June, 1888, and in one of the letters the defendant alludes to her husband as contracted to another. The facts now alleged by defendant cannot be made to agree with these letters, and there is nothing in the admitted facts as to condonation which conflicts with the plaintiff's assertions. He supported the defendant until after the divorce. He owned the farm at Highgate, and necessarily stayed there. Assuming the divorce to have been obtained without fraud, all condonations based upon subsequent cohabitation fails, as such cohabitation existed; but I think, from the letters, that the separation was absolute from February, 1886, to the present time. The order should therefore be affirmed, with costs and disbursements.